IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAVINE BARRATT | | |
| *Plaintiff* | : | |
| | : | CIVIL ACTION |
| v. | : | NO. |
| | : | |
| RAHEEN HALL | : | |
| and | : | |
| RASHEEN KNOX | : | |
| and | : | |
| MALIK LIVERPOOL | : | |
| *Defendants* | : | |

**COMPLAINT WITH JURY DEMAND**

Javine Barratt brings this civil action for his June 2, 2022 detention, arrest, and prosecution by Philadelphia police officers Raheen Hall, Rasheen Knox, and Malik Liverpool, seeking damages under 42 U.S.C. § 1983 for unlawful search and seizure, use of excessive force, and malicious prosecution in violation of his Fourth Amendment rights, and under Pennsylvania state law for assault, battery, false arrest, false imprisonment, malicious prosecution, negligent infliction of emotional distress, and willful misconduct.

**Jurisdiction**

1. This action is brought pursuant to 42 U.S.C. § 1983. This court has original jurisdiction of Plaintiff's federal law claims pursuant to 28 U.S.C. §§ 1331 and 1343 and supplemental jurisdiction of Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

**Venue**

2. A substantial part of the events and omissions giving rise to the claims set forth herein occurred in Philadelphia, Pennsylvania. Thus, pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in the United States District Court for the Eastern District of Pennsylvania.

**Parties**

3. Plaintiff Javine Barratt (hereinafter referred to as “Mr. Barratt”) is an adult individual, a citizen of the United States, and a resident of the Commonwealth of Pennsylvania, domiciled in the City and County of Philadelphia, Pennsylvania.

4. Defendant Raheen Hall (hereinafter referred to as “Officer Hall”) is an adult individual and resident of the Commonwealth of Pennsylvania with a business address of 400 North Broad Street, Philadelphia, PA 19103, who at all times relevant and material hereto was an agent and employee of the City of Philadelphia, assigned to and working as a law enforcement and patrol officer within the Philadelphia Police Department, wearing Badge No. 5326, acting and/or failing to act within the course and scope of said agency and employment, and acting under color of state law. He is named as a defendant in his individual capacity.

5. Defendant Rasheen Knox (hereinafter referred to as “Officer Knox”) is an adult individual and resident of the Commonwealth of Pennsylvania with a business address of 400 North Broad Street, Philadelphia, PA 19103, who at all times relevant and material hereto was an agent and employee of the City of Philadelphia, assigned to and working as a law enforcement and patrol officer within the Philadelphia Police Department, wearing Badge No. 5903, acting and/or failing to act within the course and scope of said agency and employment, and acting under color of state law. He is named as a defendant in his individual capacity.

6. Defendant Malik Liverpool (hereinafter referred to as “Officer Liverpool”) is an adult individual and resident of the Commonwealth of Pennsylvania with a business address of 400 North Broad Street, Philadelphia, PA 19103, who at all times relevant and material hereto was an agent and employee of the City of Philadelphia, wearing Badge No. 4116, assigned to and

working as a law enforcement and patrol officer within the Philadelphia Police Department, acting and/or failing to act within the course and scope of said agency and employment, and acting under color of state law. He is named as a defendant in his individual capacity.

**Factual Background**

7. On June 2, 2022 at approximately 4:00 p.m., Mr. Barratt was a pedestrian in the area of the 2500 block of North 5th Street in Philadelphia, Pennsylvania.

8. At the same time and place, Officer Knox was driving a marked Philadelphia Police Department patrol car, proceeding northbound on North 5th Street.

9. Officer Knox's partner, Officer Liverpool, was riding in the front passenger seat of the aforesaid patrol car.

10. At the same time, Officer Knox's other partner, Officer Hall, was working patrol in the same area of North 5th Street.

11. Officers Hall, Knox, and Liverpool were each dressed in full police uniforms.

12. Officer Knox observed from his patrol car that Mr. Barratt was wearing a closed blue knapsack around his waist.

13. Based solely on his observation of the knapsack as he drove past Mr. Barratt, Officer Knox suspected the knapsack had a gun in it because it looked heavy.

14. Officer Knox decided to stop Mr. Barratt and question him about the suspicion that he was carrying a gun in the knapsack.

15. Officer Knox stated to Officers Hall and Liverpool his suspicion about the knapsack and intention to question Mr. Barratt.

16. Officer Knox circled the block in his patrol car, returning to the area of North 5th Street where Mr. Barratt was on the sidewalk.

17. Officer Knox abruptly stopped the patrol car in the travel lane of North 5th Street and left the engine running as he and Officer Liverpool quickly exited the vehicle and aggressively approached Mr. Barratt on the sidewalk.

18. In a show of authority, Officer Knox called out to Mr. Barratt as he and Officer Liverpool surrounded Mr. Barratt on the sidewalk.

19. Officer Knox asked Mr. Barratt if he had any guns.

20. Based on the totality of circumstances, the law enforcement encounter with Mr. Barratt was an investigative detention.

21. Mr. Barratt ran away from the encounter and Officers Hall, Knox, and Liverpool pursued him.

22. After a brief pursuit, the three officer once again surrounded Mr. Barratt, with Officer Hall firing his Taser at Mr. Barratt's lower abdomen and Officer Liverpool violently tackling Mr. Barratt from behind and taking him to the ground.

23. Officer Liverpool handcuffed Mr. Barratt, searched his person and belongings, and found alleged contraband including a firearm and marijuana.

24. Officer Liverpool arrested Mr. Barratt and placed him in the patrol car.

25. During the above-described encounter, Officers Hall and Knox remained on the scene, positioned themselves around Mr. Barratt, heard and saw the interaction between Mr. Barratt and Officer Liverpool, and participated in and/or acquiesced in the arrest of Mr. Barratt.

26. In connection with the aforesaid investigative detention and arrest, Officers Hall, Knox, and Liverpool initiated, facilitated, and/or acquiesced in the criminal prosecution of Mr. Barratt for the following charges, three of which were filed as felonies: three firearm offenses [18 Pa. C.S. § 6105(a)(1), 18 Pa. C.S. § 6106(a)(1), and 18 Pa. C.S. § 6108] and two drug offenses [35 Pa. C.S. § 780-113(a)(16) and 35 Pa. C.S. § 780-113(a)(30)].

27. The charges against Mr. Barratt were withdrawn on July 21, 2022, refiled, dismissed by nolle prosequi order on February 28, 2023, reinstated on March 3, 2023, and again dismissed by nolle prosequi order on May 24, 2023.

28. Mr. Barratt remained in police custody and was incarcerated for many months as a result of the aforesaid arrest and prosecution.

29. Mr. Barratt did not commit any offense nor engage in any conduct justifying the actions of Officers Hall, Knox, or Liverpool with regard to the aforesaid investigative stop, detention, use of force, arrest, and prosecution.

30. The aforesaid investigative detention of Mr. Barratt was not supported by reasonable suspicion of unlawful activity.

31. The aforesaid arrest and prosecution of Mr. Barratt were not supported by probable cause.

32. The aforesaid arrest and prosecution of Mr. Barratt were based on information and evidence obtained by law enforcement after an unlawful stop and during a period of unlawful detention.

33. As a direct and proximate result of the aforesaid incident and Defendants' aforesaid and below-described acts and omissions, Mr. Barratt has sustained and incurred the following harms and damages:

(a) Violations of his rights under the Fourth Amendment to the United States Constitution to be secure in his person from an unlawful search and seizure;

(b) Violations of his rights under the Fourth Amendment to the United States Constitution to not be subjected to an unreasonable use of force;

(c) Violations of his rights under the Fourth Amendment to the United States Constitution to not be subjected to a malicious prosecution;

(d) Physical injuries requiring medical attention and other health care including but not limited to Taser barb injuries to his lower abdomen and pelvis with associated numbness in his extremities, urination problems, a closed head injury, and injuries to his back;

(e) Pain, suffering, fear, anxiety, embarrassment, humiliation, emotional distress, and post-traumatic stress, some or all of which may be permanent;

(f) Past and future healthcare expenses;

(g) Past and future lost wages and lost employment opportunities;

(h) Confinement and loss of liberty; and

(i) Legal expenses.

34. Defendants acted in concert and conspiracy and are jointly and severally responsible for all harms and damages directly and proximately caused to Mr. Barratt.

35. Defendants acted negligently, willfully, wantonly, intentionally, and/or with deliberate indifference to Mr. Barratt's constitutional, statutory, and common law rights.

**FIRST CLAIM FOR RELIEF**
**JAVINE BARRATT v. RAHEEN HALL**
***(42 U.S.C. § 1983)***

36. Mr. Barratt incorporates by reference the allegations in the preceding paragraphs as fully as though each were set forth at length herein.

37. Officer Hall deprived Mr. Barratt of his right to be secure in his person from an unlawful search and seizure, unreasonable use of force, and malicious prosecution, and thus violated Mr. Barratt's rights as guaranteed by the Fourth Amendment of the United States Constitution.

38. Specifically, Officer Hall engaged in the following unconstitutional conduct:

(a) Initiating and conducting an investigative detention of Mr. Barratt in the absence of reasonable suspicion of unlawful activity;

(b) Unlawfully detaining, seizing, battering, searching, and arresting Mr. Barratt in the absence of reasonable suspicion and/or probable cause and in violation of clearly established law;

(c) Using unreasonable force on Mr. Barratt;

(d) Unlawfully seizing and battering Mr. Barratt in a forceful, intentional, cruel, malicious, reckless, willful, and/or wanton manner, in violation of clearly established law;

(e) Displaying deliberate indifference to the battery and physical injuries inflicted upon Mr. Barratt;

(f) Using illegally obtained evidence as a basis for arresting and prosecuting Mr. Barratt;

(g) Initiating, participating in, and continuing the prosecution of Mr. Barratt without probable cause; and

(h) Failing and refusing to intervene to attempt to prevent or stop the herein-described unlawful and unconstitutional acts and omissions of Officers Knox and Liverpool, despite having a realistic and reasonable opportunity to do so.

39. As a direct and proximate result of Officer Hall's aforesaid acts and omissions, Mr. Barratt has sustained the harms and damages set forth in ¶ 33, *supra*.

**SECOND CLAIM FOR RELIEF**
**JAVINE BARRATT v. RASHEEN KNOX**
***(42 U.S.C. § 1983)***

40. Mr. Barratt incorporates by reference the allegations in the preceding paragraphs as fully as though each were set forth at length herein.

41. Officer Knox deprived Mr. Barratt of his right to be secure in his person from an unlawful search and seizure, unreasonable use of force, and malicious prosecution, and thus violated Mr. Barratt's rights as guaranteed by the Fourth Amendment of the United States Constitution.

42. Specifically, Officer Knox engaged in the following unconstitutional conduct:

(a) Initiating and conducting an investigative detention of Mr. Barratt in the absence of reasonable suspicion of unlawful activity;

(b) Unlawfully detaining, seizing, battering, searching, and arresting Mr. Barratt in the absence of reasonable suspicion and/or probable cause and in violation of clearly established law;

(c) Using unreasonable force on Mr. Barratt;

(d) Unlawfully seizing and battering Mr. Barratt in a forceful, intentional, cruel, malicious, reckless, willful, and/or wanton manner, in violation of clearly established law;

(e) Displaying deliberate indifference to the battery and physical injuries inflicted upon Mr. Barratt;

(f) Using illegally obtained evidence as a basis for arresting and prosecuting Mr. Barratt;

(g) Initiating, participating in, and continuing the prosecution of Mr. Barratt without probable cause; and

(h) Failing and refusing to intervene to attempt to prevent or stop the herein-described unlawful and unconstitutional acts and omissions of Officers Hall and Liverpool, despite having a realistic and reasonable opportunity to do so.

43. As a direct and proximate result of Officer Knox's aforesaid acts and omissions, Mr. Barratt has sustained the harms and damages set forth in ¶ 33, *supra*.

**<u>THIRD CLAIM FOR RELIEF</u>**
**JAVINE BARRATT v. MALIK LIVERPOOL**
***(42 U.S.C. § 1983)***

44. Mr. Barratt incorporates by reference the allegations in the preceding paragraphs as fully as though each were set forth at length herein.

45. Officer Liverpool deprived Mr. Barratt of his right to be secure in his person from an unlawful search and seizure, unreasonable use of force, and malicious prosecution, and thus violated Mr. Barratt's rights as guaranteed by the Fourth Amendment of the United States Constitution.

46. Specifically, Officer Liverpool engaged in the following unconstitutional conduct:

(a) Initiating and conducting an investigative detention of Mr. Barratt in the absence of reasonable suspicion of unlawful activity;

(b) Unlawfully detaining, seizing, battering, searching, and arresting Mr. Barratt in the absence of reasonable suspicion and/or probable cause and in violation of clearly established law;

(c) Using unreasonable force on Mr. Barratt;

(d) Unlawfully seizing and battering Mr. Barratt in a forceful, intentional, cruel, malicious, reckless, willful, and/or wanton manner, in violation of clearly established law;

(e) Displaying deliberate indifference to the battery and physical injuries inflicted upon Mr. Barratt;

(f) Using illegally obtained evidence as a basis for arresting and prosecuting Mr. Barratt;

(g) Initiating, participating in, and continuing the prosecution of Mr. Barratt without probable cause; and

(h) Failing and refusing to intervene to attempt to prevent or stop the herein-described unlawful and unconstitutional acts and omissions of Officers Hall and Knox, despite having a realistic and reasonable opportunity to do so.

47. As a direct and proximate result of Officer Liverpool's aforesaid acts and omissions, Mr. Barratt has sustained the harms and damages set forth in ¶ 33, *supra*.

## FOURTH CLAIM FOR RELIEF
**JAVINE BARRATT v. RAHEEN HALL, RASHEEN KNOX, and MALIK LIVERPOOL**
***(State Law Claims)***

48. Mr. Barratt incorporates by reference the allegations in the preceding paragraphs as fully as though each were set forth at length herein.

49. Defendants' aforesaid acts and omissions constituted assault, battery, false arrest, false imprisonment, malicious prosecution, negligent infliction of emotional distress, and willful misconduct under the laws of the Commonwealth of Pennsylvania, and this Court has supplemental jurisdiction to hear and adjudicate those claims.

50. As a direct and proximate result of Defendants' respective aforesaid acts and omissions, Mr. Barratt has sustained the harms and damages set forth in ¶ 33, *supra*.

## REQUEST FOR RELIEF AND JURY DEMAND

In light of the foregoing, Plaintiff requests the following relief:

(a) This court's declaration that Defendants' acts and omissions violated Plaintiff's constitutional rights;

(b) Compensatory damages;

(c) Punitive damages;

(d) Reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988; and

(e) Such other and further relief as the court deems reasonable and just.

Plaintiff demands a jury trial as to each Defendant and as to each claim for relief.

DATE: May 31, 2024

s/ Richard M. Wiener
Richard M. Wiener, Esquire
PA Attorney I.D. No. 68041
Law Offices of Richard M. Wiener, LLC
161 Washington Street, Suite 400
Conshohocken, PA 19428
Ph: (610) 832-8050
Fx: (610) 487-0300
Email: rwiener@wienerlegal.com
*Attorney for Plaintiff*